| | |
|---|---|
| AXIS INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 1885 CORPORATION F/K/A/ PATE DAWSON COMPANY, INC., MALCOLM R. SULLIVAN, JR., MICAH G. SULLIVAN, J. MICAH PATE, JR., and DAVID STANSFIELD, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Complaint against Defendants 1885 Corporation f/k/a Pate Dawson Company, Inc. ("Pate Dawson"), Malcolm R. Sullivan, Jr., Micah G. Sullivan, J. Micah Pate, Jr., and David Stansfield (collectively, "Defendants" or the "Insureds"), Plaintiff AXIS Insurance Company ("AXIS" or the "Insurer") states the following:

### PARTIES

1. AXIS is an insurance company duly organized and existing under the laws of Illinois with its principal place of business located in Georgia.

2. Upon information and belief, Pate Dawson was at all relevant times a company duly organized and existing under the laws of North Carolina with its principal place of business located in Goldsboro, North Carolina.

3. Upon information and belief, Malcolm R. Sullivan, Jr. is domiciled in North Carolina and was at all relevant times the CEO of Pate Dawson.

4. Upon information and belief, Micah G. Sullivan is domiciled in North Carolina and was at all relevant times the CFO of Pate Dawson.

5. Upon information and belief, J. Micah Pate, Jr. is domiciled in North Carolina and was at all relevant times the Chairman of the Board for Pate Dawson.

6. Upon information and belief, David Stansfield is domiciled in North Carolina and was at all relevant times the President of Pate Dawson.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between AXIS and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because Defendants are located in this District and Division.

## FACTUAL ALLEGATIONS

### The AXIS Policy

9. AXIS issued Privatus Plus+ Policy No. MON782506/01/2015 (the "Policy") to Pate Dawson Company, Inc., which is a claims-made-and-reported policy for the period from September 5, 2015 to September 5, 2016 (the "Policy Period"). A copy of the Policy is attached hereto as Exhibit A.

10. Subject to its terms, conditions, exclusions, and other provisions, the Policy has an aggregate Limit of Liability of $3,000,000 for Loss[1] (inclusive of Defense Costs) incurred by the

---

[1] Terms capitalized but not otherwise defined herein have the same meaning as assigned to them in the Policy.

Insureds as a result of certain Claims under the Directors and Officers and Corporate Liability Coverage Part ("D&O Coverage Section"), subject to a $25,000 Retention for Claims under Insuring Agreements I.B. and I.C.

11. Insuring Agreement I.A. of the D&O Coverage Section provides:

   The Insurer shall pay on behalf of the Insured Individuals all Loss not indemnifiable by the Insured Organization that the Insured Individual has become legally obligated to pay on account of a Claim first made against such Insured Individual during the Policy Period, or the Extended Reporting Period, if applicable for a Wrongful Act.

12. Insuring Agreement I.B. of the D&O Coverage Section provides:

   The Insurer shall pay on behalf of the Insured Organization all Loss for which the Insured Organization is permitted or required by law to indemnify any Insured Individual, and that the Insured Individual has become legally obligated to pay on account of a Claim first made against such Insured Individual during the Policy Period, or the Extended Reporting Period, if applicable for a Wrongful Act.

13. Insuring Agreement I.C. of the D&O Coverage Section provides:

   The Insurer shall pay on behalf of the Insured Organization all Loss that the Insured Organization has become legally obligated to pay on account of a Claim first made against the Insured Organization during the Policy Period, or the Extended Reporting Period, if applicable for a Wrongful Act.

14. Section B.2. of the D&O Coverage Section (the "Breach of Contract Exclusion") provides that AXIS shall not be liable under Insuring Agreement I.C. for Loss on account of any Claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged liability of an Insured Organization under any contract or agreement; provided that this exclusion shall not apply to liability that would have attached to the Insured Organization in the absence of such contract or agreement.

15. Section V.A.2. of the Policy's General Terms and Conditions (the "Consent to Settle Provision") provides:

> The Insureds shall not settle or offer to settle any Claim, select any defense counsel, incur any Defense Costs, admit or assume any liability, stipulate to any judgment, or otherwise assume any contractual obligation with respect to a Claim, without the Insurer's prior written consent, which shall not be unreasonably withheld. The Insurer shall not be liable for any settlement, Defense Costs, assumed obligation, admission, or stipulated judgment to which it has not consented, or for which the Insureds are not legally obligated to pay.

16. Section V.B. of the Policy's General Terms and Conditions provides, in part, that the Insureds shall not knowingly take any action which increases the Insurer's exposure for Loss under the Policy.

17. Section V.A.3. of the Policy's General Terms and Conditions provides that AXIS shall have the right to seek recovery from any Insured of any Loss incurred as a result of any portion of a Claim that is not covered by the Policy.

18. Section III.J. of the D&O Coverage Section provides that Loss does not include, *inter alia*, matters uninsurable under the law applicable to the D&O Coverage Section.

## The Underlying Claim

### *The Koch Lawsuit*

19. On or about May 11, 2016, Koch Foods, Inc. ("Koch") filed a complaint in the lawsuit captioned, *Koch Foods, Inc. v. Pate Dawson Company, Inc., et al.*, Case No. 3:16-cv-355, United States District Court, Southern District of Mississippi (the "Koch Lawsuit").

20. In the Koch Lawsuit, plaintiff generally alleges that Defendants owe Koch $3,574,380.46 plus interest in connection with Koch's provision of specialized chicken products to Pate Dawson pursuant to an alleged contract.

21. The complaint alleges, *inter alia*, that on March 14, 2016, Pate Dawson "sent a letter to Koch's Mississippi office which unequivocally acknowledged [Pate Dawson's] debts to Koch…" (Compl.¶22).

22. The Insureds tendered the Koch Lawsuit to AXIS for coverage under the Policy.

23. By letter dated June 28, 2016, AXIS denied coverage for Pate Dawson pursuant to the Breach of Contract Exclusion, and acknowledged the Koch Lawsuit as a potentially covered Claim against the Insured Individuals under the Policy, subject to a full and complete reservation of rights.

24. Subsequently, AXIS consented to the Insured Individuals selection of defense counsel.

25. In its June 28, 2016 letter, AXIS wrote "Please note that Section V, Subsection A, of the General Terms and Conditions, the **Insured** shall not settle any Claim, select any defense counsel, incur any **Defense Costs**, or otherwise assume any contractual obligation or admit or assume any liability with the Insurer's prior written consent, which shall not be unreasonably withheld. <u>AXIS shall not be liable for any settlement or payment of any type to which it has not consented</u> or for which the **Insureds** are not legally obligated." (Emphasis in Original).

26. Despite this, in August 2016, Defendants entered into an Agreement Related to Pate-Dawson Company (the "Koch Settlement Agreement") to resolve the claims against Pate Dawson in the Koch Lawsuit, in which they admitted Pate Dawson was indebted to Koch in the approximate amount of $3,567,325.00 and admitted Pate Dawson failed to pay Koch for this indebtedness. The Individual Insureds specifically agreed that the Koch Settlement Agreement cannot be used by them to seek dismissal of any action brought against them by Koch or to avoid

Case 5:17-cv-00118-D   Document 1   Filed 03/06/17   Page 5 of 10

any liability whatsoever, and agreed to waive their rights to seek dismissal or release from the Koch Lawsuit due to the Koch Settlement Agreement.

*The South Chicago Lawsuit*

27. On or about November 17, 2016, South Chicago Packing, LLC ("South Chicago") filed a complaint against the Defendants in the lawsuit captioned, *South Chicago Packing, LLC v. 1885 Corporation, et al.*, Case No. 2016L011323, In the Circuit Court of Cook County, Illinois (the "South Chicago Lawsuit") (together with the Koch Lawsuit, the "Lawsuits").

28. In the South Chicago Lawsuit, plaintiff generally alleged that the Defendants owe South Chicago $684,946.00 plus interest for South Chicago's provision of blended oil and related products to Pate Dawson pursuant to an alleged contract.

29. The Insureds tendered the South Chicago Lawsuit to AXIS for coverage under the Policy.

30. Prior to the filing of the South Chicago Lawsuit, on or around August 25, 2016, Pate Dawson entered into a Confidential Settlement and Forbearance Agreement and Mutual Release (the "South Chicago Settlement Agreement") in which they admitted that Pate Dawson was indebted to South Chicago in the amount of $761,052.00 and reaffirmed its obligations in connection with such indebtedness.

<u>Count I: Declaratory Judgment</u>

31. AXIS hereby adopts by reference the averments contained in paragraphs 1 through 30 of this Complaint.

32. This is a claim for declaratory judgment against Defendants under 28 U.S.C. §§ 2201 and 2202.

33. An actual, present, and justiciable controversy exists between AXIS and Defendants concerning whether the Policy provides coverage for the Lawsuits.

34. No coverage exists for the Lawsuits under the Policy for the following reasons:

   a. Breach of Contract Exclusion

      i. The Lawsuits arise out of, and contain express causes of action for, breach of contract against Pate Dawson;

      ii. The Breach of Contract Exclusion precludes coverage under Insuring Agreement I.C. for any Claim based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged liability of an Insured Organization under any contract or agreement;

      iii. As a result, Pate Dawson is not entitled to any coverage for the Lawsuits.

   b. The Damages Sought in the Lawsuits are not Loss

      i. The Policy only provides coverage for Loss an Insured becomes legally obligated to pay on account of a Claim made against an Insured for a Wrongful Act;

      ii. The D&O Coverage Section defines Loss to not include matters uninsurable under the law applicable to the D&O Coverage Section;

      iii. The Lawsuits solely seek damages from the Insured Individuals that are directly related to the alleged failure to fulfill a pre-existing contractual duty;

iv. Thus, the Lawsuits do not seek any Loss in connection with a Claim made against the Insured Individuals for a Wrongful Act, or seek Loss which is uninsurable under North Carolina law.

c. <u>Failure to Obtain Consent/Actions Prejudicial to AXIS</u>

  i. In August 2016, Pate Dawson, Malcolm R. Sullivan, Jr., Micah G. Sullivan, and J. Micah Pate, Jr entered into the Koch Settlement Agreement without obtaining prior written consent from AXIS;

  ii. On August 25, 2016, Pate Dawson entered into the South Chicago Settlement Agreement without obtaining prior written consent from AXIS;

  iii. Under the Policy's Consent to Settle Provision, the Insureds were required to obtain AXIS' prior written consent before agreeing to settle any Claim, and that AXIS is not liable for any settlement, Defense Costs, assumed obligation, admission, or stipulated judgment to which it has not consented;

  iv. Further, Under Section V.B. of the Policy's General Terms and Conditions, the Insureds agreed not to knowingly take any action which increases the Insurer's exposure for Loss under the Policy;

  v. By entering into the Koch Settlement Agreement and the South Chicago Settlement Agreement, which admitted indebtedness in amounts equal to or greater than the amounts sought in the Lawsuits, the Insureds knowingly increased the Insurer's exposure for Loss under the Policy;

8

Case 5:17-cv-00118-D   Document 1   Filed 03/06/17   Page 8 of 10

  vi. AXIS was prejudiced by the Defendants agreement to settle the Lawsuits without its consent;

  vii. As a result, no coverage exists for the Lawsuits.

35. Section V.A.3. of the Policy's General Terms and Conditions provides that AXIS shall have the right to recover Loss incurred as a result of any portion of a Claim that is not covered by the Policy from any Insured.

36. AXIS requests that the Court declare that AXIS has no defense, indemnity or other coverage obligation under the Policy for the Lawsuits, and that it is entitled to recoup all Defense Costs previously expended on behalf of the Defendants in connection with the Lawsuits.

## PRAYER FOR RELIEF

WHEREFORE, AXIS prays that this Court enter an Order:

1. Declaring that there is no defense, indemnity, or other coverage obligation under the Policy for the Lawsuits;

2. Declaring that AXIS is entitled to recoupment of all Defense Costs previously expended on behalf of Defendants in connection with the Lawsuits;

3. Awarding AXIS its costs, expenses, and attorneys' fees together with pre- and post-judgment interest to the greatest extent allowed by law; and

4. For all other relief that the Court deems just and equitable.

This the 6th day of March, 2017.

/s/ Kari R. Johnson
KARI R. JOHNSON
N.C. State Bar No. 16033
E-mail: kjohnson@battenlee.com
Batten Lee PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Telephone: 919-459-4293
Facsimile: 919-780-5382
*Attorney for Plaintiff AXIS Insurance Company per Local Rule 83.1*

Sabrina Haurin
Ohio State Bar No. 0079321
E-mail: SHaurin@BaileyCav.com
Bailey Cavalieri
10 W. Broad Street, Suite 2100
Columbus, Ohio 43215-3422
Telephone: 614-229-3253
Facsimile: 614-221-0479
*Attorney for Plaintiff AXIS Insurance Company*